

1  JAMESN B. NEBEL (Bar No. 69626)
   FLYNN, DELICH & WISE LLP
2  343 Sansome Street, Suite 540
   San Francisco, CA 94104
3  Telephone:  (415) 693-5566
   Telecopier: (415) 693-0410
4  Email: jamesn@fdw-law.com

5  Attorneys for Plaintiff
   ALEXANDER MARINE CO., LTD.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| ALEXANDER MARINE CO., LTD.,<br><br>    Plaintiff,<br><br>vs.<br><br>SHINKONG INSURANCE CO., LTD.; and DOES 1 through 50,<br><br>    Defendants. | Case No.: CV11 0623<br><br>**COMPLAINT FOR BREACH OF MARINE INSURANCE CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** |

Plaintiff ALEXANDER MARINE CO., LTD. ("AMC") alleges as follows:

**JURISDICTION**

1. This is a suit for breach of a marine cargo insurance policy and comprises an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333(1). The Court has supplemental jurisdiction over the claim for breach of the covenant of good faith and fair dealing.

**INTRADISTRICT ASSIGNMENT**

2. The general venue statutes do not apply in cases in which the court's jurisdiction is based upon an admiralty or maritime claim. *See* Rule 82 of the Federal Rules of Civil

-1-
COMPLAINT FOR BREACH OF MARINE INSURANCE CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Procedure. Instead, venue is proper wherever valid service could have been made on the defendant. *See Fluor Corporation v. S/S PRESIDENT COOLIDGE*, 52 F.R.D. 538, 539 (S.D.N.Y. 1971). Accordingly, venue is proper in this Court.

### THE PARTIES

3. Plaintiff AMC is now and at all times material herein was a corporation duly organized and existing under the laws of the Republic of China (Taiwan). Plaintiff was, and still is, a manufacturer of ocean-going yachts.

4. Defendant SHINKONG INSURANCE CO., LTD. ("SHINKONG") is, on information and belief, a corporation organized under the laws of the Republic of China (Taiwan), and, among other things, provides insurance for shipments of marine cargo.

5. The true names and capacities of defendants sued as Does are unknown to plaintiff. Each of the defendants sued as Does is responsible in some manner for the events and occurrences herein referred to and each of the defendants was, at all times relevant, the agent, employee, joint venturer and/or co-conspirator of the others and acting in the course and scope of the agency relationship, employment, joint venture and/or co-conspiracy in performing the acts alleged. Each defendant has ratified and approved of the acts of its agent(s).

### GENERAL ALLEGATIONS

6. On or about January 20, 2009, SHINKONG issued a written marine cargo insurance policy, No. 130598MMP000075-5 (the "Shinkong Policy"), to AMC to cover the shipment of a yacht that had been manufactured by AMC. The yacht was identified as an Ocean Alexander 80 Yacht, Fisher Hull No. 80106, Hull No. OAX80106A909 (the "Yacht"). The shipment was to take place from Kaohsiung, Taiwan to Port Everglades, Florida aboard the M/V AMAZON RIVER. It was contemplated that the vessel would call the intermediate ports of Ho

-2-
COMPLAINT FOR BREACH OF MARINE INSURANCE CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Chi Min City, Seattle and San Diego before discharging the Yacht at Port Everglades. Subject to specific exclusions, the Shinkong Policy granted coverage for "... all risk of loss of or damage to the subject matter insured ...."

7. The Yacht was damaged enroute. As a result, on or about June 28, 2010, AMC submitted a claim in the amount of $536,000.00 to SHINKONG for damage to the Yacht.

8. SHINKONG has failed to accept and pay AMC's claim.

### FIRST CLAIM
### BREACH OF MARINE INSURANCE CONTRACT
### (Against SHINKONG and DOES 1-50)

9. AMC incorporates by reference paragraphs 1 through 8.

10. SHINKONG has refused to honor, and continues to refuse to honor, its obligations under the Shinkong Policy to pay AMC's claim.

11. AMC has performed each and all of its obligations, actual and implied, arising pursuant to its contract with SHINKONG and imposed by law.

12. SHINKONG has breached its contractual duties to AMC.

13. As a proximate result of SHINKONG'S breach of contract, AMC has been caused to suffer, and continues to suffer, ongoing loss in the amount of benefits that are due under the Shinkong Policy, together with interest thereon at the legal rate from the date that payment should have been made under the terms of the Shinkong Policy until the time that all payments due have been made.

### SECOND CLAIM
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against SHINKONG and DOES 1-50)

14. AMC incorporates by reference paragraphs 1 to 13.


15. Implied in each insurance policy is a covenant by the insurer that it will act in good faith and engage in fair dealing in connection with claims made by its insured; that it will do nothing to interfere with the rights of its insured to receive policy benefits; that it will give at least as much consideration to the interests of its insured as it gives to its own interests; that it will investigate all possible bases for coverage; and that it will deny no claim without thoroughly investigating the foundation for the denial (hereinafter referred to as "the implied covenant of good faith and fair dealing").

16. At all material times herein, SHINKONG violated the implied covenant of good faith and fair dealing by the following, *inter alia*:

(a) Consciously and unreasonably refusing to pay AMC benefits to which it is entitled pursuant to the Shinkong Policy, and depriving AMC of the benefits rightfully due to it with the knowledge that the denial was and is wrongful and contrary to SHINKONG's obligation under the Shinkong Policy and the law;

(b) Consciously and unreasonably failing to properly investigate AMC's claim fairly and in good faith, and refusing to give AMC's interests at least as much consideration as SHINKONG gave its own interests;

(c) Consciously and unreasonably denying coverage without thoroughly investigating the foundation for the denial; and

(d) Consciously and unreasonably misinterpreting the facts and policy provisions at issue in a way calculated to deprive AMC of policy benefits to which it is entitled.

17. AMC is informed and believes, and thereon alleges, that the aforementioned conduct of SHINKONG represents common pattern and practice on its part.

18. AMC is informed and believes, and thereon alleges, that in engaging in the conduct alleged, SHINKONG acted with malice, fraud and/or oppression, as defined in California Civil Code §3294.

19. As a proximate result of SHINKONG's actions, AMC has been damaged as alleged in paragraph 13, above.

20. As a further proximate result of SHINKONG's breach of the implied covenant of good faith and fair dealing, AMC has incurred and will continue to incur attorneys' fees and related costs in order to obtain the policy benefits unreasonably withheld by SHINKONG.

21. As a result of SHINKONG's conduct alleged herein, AMC is entitled to recover compensatory damages, including policy benefits, interest thereon, and attorneys' fees and expenses, and is also entitled to recover punitive damages from SHINKONG in an amount sufficient to punish and make an example of SHINKONG in order to deter such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff AMC prays judgment as follows:

1. For compensatory damages according or proof;
2. For exemplary or punitive damages according to proof;
3. For prejudgment interest;
4 For attorneys' fees and expenses incurred in obtaining policy benefits;

////
////
////
////
////
////

1  5. For all costs of suit herein incurred;

2  6. For such and other relief as the Court may deem proper.

4  DATED: February _10_, 2010      FLYNN, DELICH & WISE LLP

By: *James B. Nebel*
James B. Nebel
Attorneys for Plaintiff
ALEXANDER MARINE CO., LTD.

COMPLAINT FOR BREACH OF MARINE INSURANCE CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING